IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRAVIS WILLIAM PROTHRO, Individually and On Behalf Of All Similarly Situated Persons, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:17-cv-00834 |
| TEXAS CHIROPRACTIC COLLEGE FOUNDATION, INC., d/b/a TEXAS CHIROPRACTIC COLLEGE, | § § § § § | |
| Defendant. | § | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff brings this action under the Fair Labor Standards Act of 1938 ("FLSA"), both as an individual and collective action to recover unpaid minimum wage compensation, liquidated damages, costs, and attorney's fees owed to Plaintiff Travis William Prothro ("Plaintiff") and all other similarly situated employees ("Members of the Class"), by Defendant Texas Chiropractic College Foundation, Inc., d/b/a Texas Chiropractic College, as well as its subsidiaries and affiliates, as follows:

**Parties**

1. Plaintiff Travis William Prothro ("Prothro") is a current student and employee of the Defendant. Prothro is represented by the undersigned.

2. Defendant Texas Chiropractic College Foundation, Inc. ("TCCF"), d/b/a Texas Chiropractic College, is a Texas corporation and an "employer" as defined by the FLSA. With respect to Plaintiff and Members of the Class, TCCF is subject to the provisions of the FLSA. TCCF was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), with gross annual revenues in excess of $500,000.00. TCCF may be served through its registered agent Bill Quinn at 5912 Spencer Highway, Pasadena, Texas 77505, or wherever he may be found.

**Jurisdiction and Venue**

3. This Court has federal question jurisdiction under the FLSA.

4. Venue is proper in the Southern District of Texas, as Plaintiff and Defendant transacted business within this District, where the events giving rise to the claims in this Complaint occurred.

5. At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Upon information and belief, Defendant had annual gross revenues of at least $500,000 at all times relevant to this complaint.

6. Defendant is an institution primarily engaged in the care of the sick, and is also an institution of higher education.

7. Plaintiff was also himself individually engaged in commerce and his work was essential to Defendant's business.

**Factual Allegations**

8. Defendant is a Texas non-profit corporation that is in the business of operating a chiropractic college, and Plaintiff is a current student of the Defendant. As part of Defendant's educational mission, it operates a clinic on campus called Moody Health Center ("Moody Clinic"), where members of the public can receive chiropractic treatment. Upon information and belief, the primary purpose of the clinic is supposed to be for the training of Defendant's students. Prior to 2016, students who worked at the Moody Clinic only worked with a chiropractor in the treatment of patients.

9. Starting around January of 2016, the office staff of the Moody Clinic was largely eliminated and students such as Plaintiff were required to work the front desk, make appointments, take and process payments, audit "super bills" for accuracy for insurance claims, perform janitorial

work, clean equipment, and wash the Clinic's laundry as part of their "required clinical duties." Plaintiff and his fellow students were required to work as many as 20 to 30 hours per week in clerical, administrative and janitorial positions under the guise of becoming more "practice ready" (this was often the phrase Defendant used in response to ongoing and frequent complaints about this non-education-related, unpaid work required of the students).

10. The students were told that this work was a requirement, and failure to complete these duties would result in academic penalty, *viz.*, the student receiving a deficiency report for failure to complete assigned duties and/or having their clinical attendance hours taken away for that day, which could in term affect the student's ability to graduate, or would result in poor academic standing.

11. Apparently, the Moody Clinic was not generating enough income to satisfy the Defendant's administration. The students were being told that they would need to recruit twenty-five new, paying patients each as part of the new curriculum credit requirements to be completed by end of their clinical internship courses in order to graduate. In effect, the students were being told that they would need to recruit their own patients on which to have their training—in order to be able to sit for the Texas chiropractic licensing examination, a prospective chiropractor is required to have a certain number of patient visits. This is a requirement under state law (which does not require any hours or duties of janitorial, clerical, or administrative work). In order to be able to attain the requisite number of patient visits, some students got family and friends to come to the clinic and, in some cases the students actually paid for the patient visits themselves (if the patient did not pay for their visit, the student would not get credit for the visit toward the twenty-five-new-paying-patients requirement).

12. In the fall of 2016, a complaint was filed with the United States Department of Labor ("DOL") regarding the requirement that Defendant's students work in the Clinic. Upon information and belief, the DOL investigated and found violations of the Fair Labor Standards Act's minimum wage provisions. Some payments were made to students, but the payments were not sufficient to compensate the students for all hours worked. In addition, despite the DOL's

investigation, nothing substantially changed at the Clinic. These students, including Plaintiff, who pay an average of approximately $30,000 per year in tuition are still being required to work for free at clerical, administrative and janitorial jobs in order to be able to graduate from the Defendant's school.

13. At all times relevant hereto, the Defendant knew of, approved of, and benefited from Plaintiff's regular work. Plaintiff was not an "exempt" employee.

14. Plaintiff did not ever serve in the capacity of executives, administrators, professional or outside sales representatives, as those terms are understood pursuant to 29 C.F.R. § 541. Therefore, Plaintiff was not exempt from the protection of the FLSA.

15. Defendant did not make a good faith effort to comply with the minimum wage provisions contained within the FLSA.

16. Defendant's actions were willful and in blatant disregard for Plaintiff's federally protected rights.

### Plaintiff's Individual Allegations

17. Plaintiff was Defendant's employee and as such entitled to be paid the federally mandated minimum wage for all work performed during the hours worked in each workweek. Defendant failed to pay the Plaintiff minimum wage for the work Plaintiff did at the Moody Clinic.

18. No exemption or statutory exception excuses the Defendant from paying Plaintiff for all time spent and work performed during the hours that he worked, and the Defendant has not made a good faith effort to comply with the FLSA. In fact, as evidenced by the Defendant's continuing violations of the FLSA following the DOL investigation, it is clear that the Defendant knowingly, willfully, or with reckless disregard has been carrying out its illegal practice of not paying its student employees the required minimum wage.

### Collective Action Allegations

19. Others have been victimized by the Defendant's practices and policies that are in

willful violation of the FLSA.  A number of these students have worked with Plaintiff.  Thus, Plaintiff is aware that the illegal practices or policies of the Defendant have been imposed on the Members of the Class.  Specifically, through speaking with other chiropractic students, Plaintiff is aware that Defendant makes a regular practice of not paying the federally mandated minimum wage for substantial amounts of non-education-related, non-exempt work which Defendant requires of its students for them to be able to graduate.

20. The Members of the Class performed work that is similar in nature to that performed by Plaintiff. These individuals worked alongside Plaintiff and did the same type of manual, physical work that Plaintiff has been required to do for Defendant, such as doing laundry and reception-desk paperwork. These individuals victimized by the Defendant's unlawful practices are similarly situated to Plaintiff in terms of their job duties.

21. Each Member of the Class was, likewise, not paid for this work they did. They are thus also owed the federally mandated minimum wages of $7.25 per hour for all of the hours they worked in a workweek. Although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class.  The Members of the Class are, therefore, similarly situated in terms of pay provisions.

22. The Defendant's failure to pay its students for the work performed as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class.  This generally applicable policy is prohibited by the FLSA.  Thus, Plaintiff's experiences are typical of the experiences of the Members of the Class.

23. No justification or exemption excused the Defendant from paying the Members of the Class for all work performed and time spent working, and the Defendant did not make a good faith effort to comply with the FLSA.  As such, the Defendant knowingly, willfully, or with

reckless disregard carried out its illegal pattern or practice regarding minimum wage with respect to the Members of the Class.

24. The class of similarly situated persons is properly defined as:

> **All clinical students of the Defendant Texas Chiropractic College Foundation, Inc. who worked in the Moody Clinic at any time from January 1, 2016 to the present.**

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Minimum Wage

25. Defendant violated the FLSA by failing to compensate Plaintiff and Members of the Class at the federally mandated minimum wage, in violation of the requirements of the FLSA.

26. Plaintiff and Members of the Class have suffered damages as a direct result of Defendant's illegal actions.

27. Defendant is liable to Plaintiff and Members of the Class for all unpaid minimum wages, liquidated damages, attorney's fees and costs of Court under the FLSA from January 1, 2016 to the present.

### Jury Demand

28. Plaintiff demands a trial by jury on all claims asserted herein.

### Prayer for Relief

WHEREFORE, Plaintiff and all individuals similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all students of Texas Chiropractic College Foundation who worked in the Moody Clinic from January 1, 2016 to the present. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendant for an amount equal to Plaintiff's and the Members of the Class's unpaid minimum wages;
3. An equal amount to the minimum wage damages as liquidated damages;
4. Judgment against Defendant that its violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorneys' fees incurred prosecuting these claims;
7. Leave to add additional plaintiffs by motion, the filing of written consent forms, or

        any other method approved by the Court;
8. Leave to amend to add claims under applicable law; and
9. For such further relief as the Court deems just and equitable.

        Respectfully submitted,

        **THE BUENKER LAW FIRM**

        */s/ Josef F. Buenker*
        Josef F. Buenker
        TBA No. 03316860
        S.D. Tex. No. 11498
        jbuenker@buenkerlaw.com
        2060 North Loop West, Suite 215
        Houston, Texas 77018
        713-868-3388 Telephone
        713-683-9940 Facsimile
        **ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY FOR PLAINTIFF**